```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   11/2/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FRANK CACCAVO,
by Agent-in-Fact, LAURIE CACCAVO,

                Plaintiff,

    -against-                              19-CV-6025 (KMW)

RELIANCE STANDARD LIFE               **OPINION & ORDER**
INSURANCE COMPANY,

                Defendant.
----------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

        Defendant Reliance Standard Life Insurance Company ("Reliance") renews its motion for attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1). Reliance argues that it has obtained "some degree of success on the merits" regarding Plaintiff's lawsuit—which challenged Reliance's reduction of Plaintiff's long-term disability benefits—and that the *Chambless* factors weigh in favor of an award. Plaintiff opposes an award, arguing that Reliance is procedurally barred from bringing the instant motion because the Second Circuit has already denied Reliance's motion for attorneys' fees in that court raising substantially the same arguments. Plaintiff also argues that: an award would contravene the intent of Congress regarding §1132(g)(1); the *Chambless* factors weigh against an award; and Reliance's fee request is excessive. For the reasons stated below, Reliance's motion is DENIED.

## BACKGROUND

        Plaintiff brought an Employee Retirement Income Security Act of 1974 ("ERISA") action against Reliance seeking payment of certain insurance benefits in connection with an

automobile accident, arguing that Reliance improperly reduced his disability benefits. (ECF No. 5.) Reliance countered that this reduction was consistent with the terms of the applicable insurance policy. (ECF No. 33.)

Following the parties' cross-motions for summary judgment, the Court granted summary judgment in favor of Reliance. (Op. & Order, ECF No. 43.) Thereafter, Reliance moved for an award of attorneys' fees of $45,072.50 and costs of $2,006.04. (ECF No. 45.) On June 3, 2021, Plaintiff filed a notice of appeal regarding the Court's Opinion and Order. (ECF No. 48.) He also moved to stay all post-judgment proceedings pending resolution of the appeal, which Reliance did not oppose. (ECF Nos. 49, 54.) On June 8, 2021, the Court granted the stay and dismissed Reliance's motion for attorneys' fees and costs, without prejudice to renewing that motion within fourteen days of the entry of the appellate mandate. (ECF No. 55.)

On June 28, 2022, the mandate of the Second Circuit was entered, affirming this Court's judgment. (ECF No. 57.) On July 7, 2022, Reliance timely renewed its motion for attorneys' fees and costs in this Court. (Renewed Mot., ECF No. 58.) Plaintiff filed his opposition on July 28, 2022. (Pl.'s Mem. Opp'n, ECF No. 64.) Reliance also moved concurrently for an award of attorneys' fees and costs regarding its appeal, raising substantially the same arguments as are now before this Court. (*See* ECF No. 64-2.) The Second Circuit denied an award of appellate fees on July 14, 2022. (ECF No. 64-3.)

## LEGAL STANDARD

An application for attorneys' fees and costs in an ERISA case is governed by 29 U.S.C. § 1132(g)(1). Pursuant to Section 1132(g)(1), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The applicable analysis is two-fold. First, a court must determine whether the claimant is eligible for an award.

*See Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011). Second, if the claimant is eligible, a court then determines whether the award is reasonable. *See Milea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011), *superseded on other grounds as recognized in Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 790 (5th Cir. 2017); *see, e.g.*, *UNITE HERE Ret. Fund v. Edward Vill. Grp., LLC*, No. 21-CV-2141, 2021 WL 5414972, at *7–8 (S.D.N.Y. 2021) (Liman, J.) (analyzing the reasonableness of requested attorneys' fees and costs in an ERISA action).

In determining a claimant's eligibility for an award, a court must begin by considering whether the claimant has achieved "some degree of success on the merits." *Toussaint*, 648 F.3d at 110 (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010)). "A party demonstrates the requisite success on the merits 'if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue.'" *L. Offs. of Marcia E. Kusnetz, P.C. v. Richgat*, 783 Fed. App'x 11, 13 (2d Cir. 2016) (quoting *Hardt*, 560 U.S. at 255). Once a court has determined that a claimant has satisfied this requirement, it may—but is not required to—consider the five factors set forth in *Chambless v. Masters, Mates & Pilots Pension Plan*. 815 F.2d 869 (2d Cir. 1987), *abrogation on other grounds recognized by Levitian v. Sun Life and Health Ins. Co. (U.S.)*, 486 Fed. App'x 136, 141 (2d Cir. 2012); *see also Scarangella v. Group Health, Inc.*, 678 Fed. App'x 7, 9 (2d. Cir. 2017). The *Chambless* factors are:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

815 F.2d at 871. Although the "degree of culpability and the relative merits are not dispositive

3

under the [*Chambless*] five-factor test, they do weigh heavily." *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 48 (2d Cir. 2009) (internal quotations and citation omitted); *see also Donachie v. Liberty Life Assurance Co. of Bos.*, 745 F.3d 41, 47 (2d Cir. 2014).

If a claimant is entitled to an award, a court must then determine whether the award is reasonable. In making this determination, a court applies "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Milea*, 658 F.3d at 166; *Lilly v. City of New York*, 934 F.3d 222, 228, 231–32 (2d Cir. 2019). There is "a strong presumption that the lodestar figure represents a reasonable fee." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (internal quotations omitted). "The reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). As for the reasonableness of the number of hours billed, a court "should exclude excessive, redundant, or otherwise unnecessary hours." *Quaratino*, 166 F.3d at 425.

## DISCUSSION

Reliance moved concurrently for attorneys' fees in the Second Circuit and in this Court. (*See* Br. Supp. at 2 n.1, ECF No. 59.) Although the two motions seek awards in different amounts, and for different work, they rely on substantially the same reasoning. (*Compare* Br. Supp. at 3–9, *with* Pl.'s Mem. Opp'n, Ex. B at 5–16.) On July 14, 2022, the Second Circuit denied Reliance's motion for fees incurred in its appeal. (ECF No. 64-3.) Plaintiff argues that *res judicata* therefore precludes Reliance from seeking attorneys' fees in this Court. Accordingly, before considering the merits of Reliance's motion, the Court must first determine whether the Second Circuit's decision bars Reliance's pursuit of attorneys' fees here.

4

### I. Claim Preclusion Does Not Bar Reliance from Bringing Its Motion for Attorneys' Fees Before This Court

*Res judicata* may refer both to the doctrine of claim preclusion alone and to the doctrines of claim preclusion and issue preclusion collectively. *See Allen v. McCurry*, 449 U.S. 90, 94 n.5 (1980). Plaintiff has argued claim preclusion here. Pursuant to this doctrine, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *EDP Med. Comput. Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotations and citations omitted). Accordingly, claim preclusion bars "later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Id.* (quoting *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985)).

Typically, claim preclusion bars a party from raising the same claim in a subsequent lawsuit. Here, however, Plaintiff's argument highlights an unusual situation: Reliance has advanced nearly the same arguments in support of two separate motions—one filed in the district court and the other in the court of appeals—within a single lawsuit. The court of appeals has decided the motion before it prior to the district court's ruling on the concurrently-filed motion.

#### A. Final Judgment on the Merits

Although not formally titled a "Summary Order," the Second Circuit's July 14, 2022 Order denying Reliance's motion for appellate attorney's fees, like many summary orders, was issued without an opinion. *See* Internal Operating Procs. of 2d Cir. 32.1.1(a) ("Use of Summary Orders. When a decision in a case is unanimous and each panel judge believes that no jurisprudential purpose is served by an opinion . . . the panel may rule by summary order.") Accordingly, the Court treats the July 14 Order akin to a summary order.

A Second Circuit summary order does not have precedential value, but it is entitled to respect as *res judicata*. *See Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, 809 F.3d 737, 745 (2d Cir. 2016) (concluding that *res judicata* required dismissal of certain claims because the Second Circuit had addressed them in a summary order, which constituted an adjudication on the merits); *Martinez v. Miller*, 330 Fed. App'x 296, 297 (2d Cir. 2009) (noting that summary orders are binding "to the extent they establish the law of the case, res judicata, or collateral estoppel"); 2d Cir. Loc. R. 32.1.1(b) ("[A] party may not cite a summary order . . . except . . . in any case for purposes of estoppel or res judicata."). Accordingly, the Second Circuit's Order denying Reliance's motion for attorneys' fees operates as a final judgment on the merits.

### B. Court of Competent Jurisdiction

"[A] court's adjudication is conclusive only if it had power to pass on the merits of the action . . . ." *Stone v. Williams*, 970 F.2d 1043, 1057 (2d Cir. 1992). The Second Circuit has construed § 1132(g)(1) to include motions in the Second Circuit for attorneys' fees on appeal. *See Peterson v. Cont'l Cas. Co.*, 282 F.3d 112, 122 (2d Cir. 2002) (concluding that ERISA "clearly" permits the award of attorneys' fees pursuant to § 1132(g)(1) incurred in connection with pursuing an appeal). Accordingly, the Second Circuit was a court of competent jurisdiction regarding Reliance's motion for attorneys' fees in pursuit of its appeal.

### C. A Case Involving the Same Parties

It is readily apparent that the same parties are involved in Reliance's motion in this Court and in its motion before the Second Circuit. There may be an issue, however, as to whether the requirement that there be a "decision . . . [from an earlier] *case* involving the same parties" has been met. *EDP Med. Comput. Sys., Inc.*, 480 F.3d at 624 (emphasis added). The circumstances here are unusual because Plaintiff asserts claim preclusion regarding claims arising within the

same case, but raised before courts at different levels.

Claim preclusion typically arises when "examining whether a subsequent lawsuit asserts claims that could have been included as part of a previous lawsuit." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 158 (2d Cir. 2017); *see also Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000) ("In deciding whether a suit is barred by res judicata, it must first be determined that the second suit involves the same claim . . . as the first suit." (internal citations and quotations omitted)). As stated *supra*, here, Reliance's motions for attorneys' fees are not raised in separate lawsuits. However, this should not stand in the way of applying the principle behind the doctrine of claim preclusion—that is, to "preclude[] the parties . . . from relitigating issues" and "conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance of adjudication." *EDP Med. Comp. Sys., Inc.*, 480 F.3d at 624; *Allen*, 449 U.S. at 94. Accordingly, the Court concludes that claim preclusion may apply here, notwithstanding the fact that there is no "subsequent lawsuit" at issue, as is typically the case.

### D. Same Cause of Action

"[T]he test for deciding sameness of claims requires that the same transaction, evidence, and factual issues be involved." *Sure-Snap Corp. v. State St. Bank and Tr. Co.*, 948 F.2d 869, 874 (2d Cir. 1991). "Also dispositive to a finding of preclusive effect[] is whether an independent judgment in a separate proceeding would 'impair or destroy rights or interests established by the judgment entered in the first action.'" *Id.* (quoting *Herendeen v. Champion Int'l Corp.*, 525 F.2d 130, 133 (2d Cir. 1975)).

Plaintiff has not established that Reliance's separate motions for attorneys' fees involve the same cause of action. First, a district court's determination to award attorneys' fees related to proceedings in that court does not "impair or destroy rights or interests established" by a court of appeals' determination not to award attorneys' fees related to a party's pursuit of an appeal.

7

Second, the work performed during one stage of the litigation was distinct from that performed during the other. Reliance's billing records submitted in support of its motion for attorneys' fees in this Court reflect work performed in 2019–20. (Renewed Mot., Exs. 1–9.) More than one year had passed before Reliance began work on its appeal. (Pl.'s Mem. Opp'n, Ex. B.) These billing records also show different types of activities performed during each stage of the litigation. (*See id.*)

Accordingly, even though Reliance raises substantially the same legal theories in support of its two separate motions, the "facts surrounding [them]" are distinct. *See Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38–39 (2d Cir. 1992) ("It is this identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [a party] chose to frame [its] complaint."). Therefore, because Reliance's motions do not arise from the same cause of action, the Second Circuit's denial of attorneys' fees in relation to Reliance's appeal does not operate as claim preclusion regarding Reliance's motion before this Court.

## II. Reliance Is Eligible for Attorneys' Fees and Costs, But the *Chambless* Factors Weigh Against an Award

In determining whether Reliance is eligible for an award, the Court must first assess whether Reliance has achieved "some degree of success on the merits," and then may consider the *Chambless* factors. The Court takes each of these issues in turn.

### A. Reliance Has Achieved "Some Degree of Success on the Merits"

A party's eligibility for § 1132(g)(1) fees depends on whether the claimant has achieved "some degree of success on the merits," not whether the claimant was a "prevailing party" in the underlying action. *See Hardt*, 560 U.S. at 255. When, however, a claimant has "achieved both prevailing party status *and* some degree of success on the merits . . . because the district court [has] granted summary judgment in their favor and [the Second Circuit has] affirmed . . . the

8

difference between 'prevailing party' and 'some degree of success on the merits' is irrelevant[.]" *Toussaint*, 648 F.3d at 110 (emphasis added).

Here, the Court previously granted summary judgment in Reliance's favor as to Plaintiff's lawsuit challenging the reduction of his long-term disability benefits. (Op. & Order at 1.) The Second Circuit affirmed that judgment. (ECF No. 57.) Accordingly, Reliance has achieved "some degree of success on the merits," and is eligible for an award of § 1132(g)(1) attorneys' fees.

### B. The *Chambless* Factors Weigh Against an Award

Even if a party has achieved some success on the merits, and is eligible for § 1132(g)(1) fees, a court "retain[s] discretion to consider the *Chambless* factors[] in determining whether to grant . . . [a] request for attorneys' fees." *Donachie*, 745 F.3d at 48. Although the degree of culpability and the relative merits are "are not dispositive under the *Chambless* five-factor test," they do "weigh heavily." *Id.* at 47 (internal quotations and citations omitted). Importantly, "[a]lthough the *Chambless* test applies to both plaintiffs and defendants in ERISA actions, courts have cautioned that the five factors 'very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs.'" *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000) (quoting *West v. Greyhound Corp.*, 813 F.2d 951, 956 (9th Cir. 1987)).

#### 1. Offending Party's Culpability or Bad Faith

"[T]he concepts of 'bad faith' and 'culpability' are distinct, and either one may satisfy the first *Chambless* factor." *Donachie*, 745 F.3d at 47. Courts have found bad faith when a party acts with malice, such as by presenting "deliberately false" testimony, *Seitzman v. Sun Life Assurance Co. of Can., Inc.*, 311 F.3d 477, 485 (2d Cir. 2002), or bringing "frivolous or improper arguments," *Lauder v. First Unum Life Ins. Co.*, 284 F.3d 375, 383 (2d Cir. 2002). *See also Scarangella v. Grp. Health, Inc.*, No. 05-CV-5298, 2016 WL 825530, at *4 (S.D.N.Y. Feb.

9

11, 2016) (Sullivan, J.).  By contrast, culpable conduct does not require malice and instead "involve[es] the breach of a legal duty or the commission of a fault." *Slupinski*, 554 F.3d at 48 (quoting *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 299 (2d Cir. 2004)).

Where a prevailing defendant is seeking attorneys' fees, courts consider the first *Chambless* factor in light of the statutory purpose behind ERISA.  Accordingly, "courts have found that the 'culpability' of a losing plaintiff 'significantly differs' from that of a losing defendant." *Salovaara*, 222 F.3d at 28 (quoting *Marquardt v. N. Am. Car Corp.*, 652 F.2d 715, 720 (7th Cir. 1981)).  As the Second Circuit has explained, "[a] losing defendant must have violated ERISA, thereby depriving plaintiffs of rights under a pension plan and violating a Congressional mandate.  A losing plaintiff, on the other hand, will not necessarily be found 'culpable,' but may be only in error or unable to prove his case." *Id.*

The Court is not persuaded that Plaintiff acted with culpability or in bad faith.  Reliance argues that Plaintiff's refusal to provide a copy of a renewal contract and certain pay statements is evidence of culpability or bad faith.  (Br. Supp. at 4–5.)  First, this conduct is not of the type that courts have found to be in bad faith—that is, with malice. *Cf. Seitzman*, 311 F.3d at 485 (plaintiff presented deliberately false testimony); *Sewell v. 1199 Nat'l Benefit Fund for Health and Hum. Servs.*, No. 04-CV-4474, 2007 WL 1434952, at *1 (S.D.N.Y. May 15, 2007) (Rakoff, J.) (plaintiffs knowingly and intentionally overbilled defendants).  Second, Reliance has not established that Plaintiff breached a legal duty or committed fault.  Plaintiff explained that he refused to provide certain documents Reliance had requested because he believed he had already "supplied . . . the necessary information for Reliance to confirm that the renewal contract was not relevant."  (Pl.'s Mem. Opp'n at 11.)  Although Plaintiff's "refusal to provide this documentation impeded Reliance's efforts to more thoroughly investigate and reconcile the contradictory

10

evidence before it," *Caccavo v. Reliance Standard Life Ins. Co.*, No. 21-1410-CV, 2022 WL 1931420, at *4 (2d Cir. June 6, 2022), this conduct is not evidence of culpability.

Neither the Second Circuit nor this Court suggested that Plaintiff lacked a colorable basis to make his claims against Reliance.  *Cf.*, *Petri v. Sheet Metal Workers' Nat'l Pension Fund*, No. 07-CV-6142, 2010 WL 2788185, at *1 (S.D.N.Y. July 14, 2010) (Koetl, J.) ("[P]laintiff's pursuit of his benefits was culpable because there was no colorable basis for [his] claim . . . [and he] was unable to present a colorable argument that the defendant's determination was unreasonable[.]").  Instead, both courts determined that there was insufficient evidence to support overturning Reliance's decision to deny benefits.  The fact that Plaintiff did not prevail, in part because he did not provide important documentation, is insufficient to establish culpability or bad faith.  Accordingly, Reliance has not satisfied the first *Chambless* factor.

### 2. Ability of the Offending Party to Satisfy an Award

Reliance's request for $47,078.54 in attorneys' fees and costs is well below Plaintiff's earnings from 2018 and 2019.  (*See* Br. Supp. at 5.)  Although these earnings figures are somewhat dated, Plaintiff does not deny he is able to pay.  (*See* Pl.'s Mot. Opp'n at 12.)  Regardless, a party's ability to pay "generally is neutral in effect," and thus the Court does not give this factor any weight in determining whether to award fees.  *See Alfano v. CIGNA Life Ins. Co. of N.Y.*, No. 07-CV-9661, 2009 WL 890626, at *2 (S.D.N.Y. Apr. 2, 2009) (Lynch, J.) (citing *Lauder*, 284 F.3d at 383).

### 3. Deterrence

The deterrence factor weighs against an award of fees to Reliance.  This factor "emphasizes the deterrence gained from the fee award [against the opposing party], not the trial decision."  *Leyda v. AlliedSignal, Inc.*, 322 F.3d 199, 210 (2d Cir. 2003).  "[W]here, as in this case, an ERISA plaintiff has pursued a colorable (albeit unsuccessful) claim, the third *Chambless*

11

factor likely is not merely neutral, but weighs strongly *against* granting fees to the prevailing defendant." *Salovaara*, 222 F.3d at 31 (emphasis original). "Awarding fees in such a case would likely deter beneficiaries . . . from bringing suits in good faith for fear that they would be saddled with their adversary's fees in addition to their own in the event that they failed to prevail; this, in turn, would undermine ERISA's essential purpose of protecting beneficiaries of pension plans." *Id.* Thus, because awarding attorneys' fees to Reliance in this case would likely discourage valid claims from other plan participants while deterring few frivolous claims, the Court concludes that this factor weighs against Reliance.

### 4. Relative Merits of the Parties' Positions

The "relative merits" favor Reliance as the prevailing party. However, because "[t]he degree-of-culpability and relative-merits factors are closely related," *Slupinski*, 554 F.3d at 48, the Second Circuit has in some cases found these factors sufficiently "intertwined" to "consider them together." *Id.; see also Mahoney v. J.J. Wieser & Co.*, 646 F. Supp. 2d 582, 586, 593 (S.D.N.Y. 2009) (Marrero, J.) ("As regards the fourth factor . . . Plaintiffs' losing claims should be considered in the context of the absence of culpability or bad faith as determined in assessing the first factor. . . . Something more . . . than success on the merits is required for this factor to weigh in favor of a prevailing ERISA defendant."). Although Reliance succeeded at summary judgment, it has not—for the reasons described above—shown that Plaintiff pursued his claim in bad faith or was otherwise culpable. *See Salovaara*, 222 F.3d at 29–30 ("The lack of evidentiary support for [Plaintiff's] central arguments does not amount to culpability or bad faith." (quotations and citation omitted)). Accordingly, because Plaintiff's "claims were not entirely devoid of merit," the Court declines to find that this factor weighs heavily in Reliance's favor. *Id.*

### 5. Common Benefit on a Group of Plan Participants

Courts in this circuit have generally regarded this factor as "either inapplicable or neutral where an ERISA defendant is seeking attorney's fees." *Mahoney*, 646 F. Supp. 2d at 594 (collecting cases). Thus, this factor does not weigh in Reliance's favor.

In sum, the *Chambless* factors weigh against an award of attorneys' fees to Reliance. The first and fourth factors, most important in the *Chambless* analysis, do not support awarding fees. In addition, Reliance's arguments as to the remaining three factors do not rescue its pursuit of a fee award. Accordingly, Reliance's motion for attorneys' fees is DENIED.

### III. Reasonableness of Reliance's Requested Award

Because the *Chambless* factors do not justify an award, the Court does not reach the reasonableness of the requested fees. Accordingly, the Court declines to opine on Reliance's submissions documenting the hours worked and the activities performed in support of this action.

### CONCLUSION

Notwithstanding Reliance's eligibility for an award of attorneys' fees and costs, the *Chambless* factors—which the Court has discretion to consider—weigh against such an award. For the reasons stated above, Reliance's motion for attorneys' fees and costs is DENIED.

The Clerk is respectfully directed to close the motion at ECF No. 58.

SO ORDERED.

Dated: New York, New York
       November 2, 2022

                                              */s/ Kimba M. Wood*
                                              KIMBA M. WOOD
                                              United States District Judge